IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LAVERN SANDOVAL,

    Plaintiff,

v.                                                                                    No.

U.S. DEPARTMENT OF HEALTH AND
HUMAN SERVICES,

    Defendant.

## COMPLAINT FOR MEDICAL MALPRACTICE AND DAMAGES

COMES NOW Plaintiff Lavern Sandoval, by and through her attorneys, FINE LAW FIRM (David M. Fine and Charlotte L. Itoh) and for her Complaint against Defendant states as follows:

### *JURISDICTION AND VENUE*

1. This Court has jurisdiction over the subject matter and parties to this action pursuant to the jurisdiction conferred upon it by 28 U.S.C. § 1331 and 28 U.S.C. § 1346(b).

2. Venue is proper in this district because Plaintiff is a resident of New Mexico, and all of the acts complained of occurred in New Mexico. Plaintiff's cause of action arose in New Mexico.

### *PARTIES*

3. At material times, Plaintiff was a resident of New Mexico.

4. At materials times, Indian Health Service ("IHS") was an agency of Defendant U.S. Department of Health and Human Services.

## FACTUAL ALLEGATIONS

5. On or about August 3, 2011, Plaintiff sought dental care at the Pueblo Pintado dental clinic of the Crownpoint Healthcare Facility, a facility operated by IHS in Crownpoint, New Mexico.

6. At the time, Plaintiff was an existing patient with a known history of poorly controlled diabetes.

7. Practitioners at the Pueblo Pintado clinic recommended that Plaintiff have two unerupted wisdom teeth extracted.

8. Plaintiff underwent a surgical extraction of her two lower wisdom teeth on August 3, 2011.

9. Despite Plaintiff's diabetic condition which put her at increased susceptibility to infection, she was not prescribed prophylactic antibiotics either before or after the procedure.

10. Shortly after the dental surgery, Plaintiff developed an infection that originated in her mouth and became septic.

11. Plaintiff required extensive medical care to treat the infection.

## COUNT I - MEDICAL NEGLIGENCE

12. In undertaking the care and treatment of Plaintiff, the medical/dental staff of the Pueblo Pintado clinic were under the duty to possess and apply the knowledge and use the skill and care that are ordinarily used by a reasonably well-qualified and trained medical/dental staff.

13. The duly authorized agents and employees of the Pueblo Pintado clinic, while acting within the scope of their authority, were negligent in departing from the standard of knowledge, skill and care of a reasonably well-qualified and trained medical/dental staff and were negligent

in treating Plaintiff. Such negligence includes, but is not limited to, failing to prescribe perioperative antibiotics despite her medical history indicating a high risk of infection.

14. As a result of the negligence of the agents and employees of the Pueblo Pintado clinic, Plaintiff experienced a medical crisis which necessitated extensive medical treatment and caused Plaintiff significant suffering, distress and pain.

15. Under the concept of "respondeat superior," Defendant is responsible for the negligent conduct of its duly authorized agents and employees.

WHEREFORE, Plaintiff respectfully requests that this Court award her damages, costs, pre-judgment interest, post-judgment interest and any such other and further relief as the Court deems just.

Respectfully submitted,

 /s/ Electronically submitted
David M. Fine
Charlotte L. Itoh
Fine Law Firm
220 Ninth Street NW
Albuquerque, New Mexico 87102
Telephone: (505) 243-4541
Facsimile: (505) 242-2716
*Attorneys for Plaintiff*